IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LARRY WILLIAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 10-0288-WS-B |
| | ) |
| SOUTHERN TOWING CO., | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on the plaintiff's motion to sever. (Doc. 44). The plaintiff seeks to have the trial of his cure claim bifurcated from that of his Jones Act and unseaworthiness claims and heard on an expedited basis. The defendant has filed a response, (Doc. 50), and the motion is ripe for resolution.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims …." Fed. R. Civ. P. 42(b). The rule invests the trial court with "broad discretion" whether to order bifurcation. *Harrington v. Cleburne County Board of Education*, 251 F.3d 935, 938 (11th Cir. 2001). The plaintiff accepts the burden of demonstrating that bifurcation is warranted. (Doc. 44 at 4).

The plaintiff's injury occurred in November 2009. His original treating orthopaedic surgeon (Dr. Petersen) did not believe that surgery was indicated. In November 2010, a subsequent treating orthopaedic surgeon recommended a lumbar fusion. On December 13, 2010, the plaintiff demanded a lumbar fusion as cure. (Doc. 50, Exhibit C). On the defendant's December 14 request, the plaintiff returned to Dr. Petersen for evaluation on January 10, 2011. Dr. Petersen was deposed three days later. Dr. Petersen testified he would try facet blocks and see what results occurred before recommending surgery. (*Id.*, Exhibit A). Without further contact with the defendant, the

plaintiff filed the instant motion on February 8. On February 9, the defendant pointed out the absence of any medical opinion, either that of Dr. Petersen or an IME, agreeing with the plaintiff's position that lumbar fusion is currently indicated and suggested that the plaintiff return to Dr. Petersen for facet blocks and a subsequent re-deposition of Dr. Petersen to determine if he would at that point concur in a lumbar fusion. (*Id.*, Exhibit F). The plaintiff apparently has not responded. (Doc. 50 at 5).

The plaintiff has not explained why the defendant should be required to pay for a lumbar fusion on the unilateral say-so of his current treating orthopedist or why this case should be set for trial on the cure issue without the plaintiff first cooperating in obtaining a second opinion.[1] Moreover, trial of this action is already set for May 2011, so that bifurcating trial would not significantly advance the resolution of the cure issue, especially given that the Court's existing schedule would render a March trial difficult and an April trial problematic.

For the reasons set forth above, the plaintiff's motion to sever is **denied**.

DONE and ORDERED this 25th day of February, 2011.

                                         s/ WILLIAM H. STEELE
                                         CHIEF UNITED STATES DISTRICT JUDGE

---

[1] There is no indication that the defendant has in any way dragged its feet on this issue. All of the delay from November 30 to the present appears to stem from the defendant and from Dr. Petersen's schedule.